IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICARDO W. MADDOX,**

      **Petitioner,**

v.                                     **Civil Action No. 1:11cv103**
                                          **Criminal Action No. 1:08cr90**
**UNITED STATES OF AMERICA,**              **(JUDGE KEELEY)**

      **Respondent.**

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED**

**I. Introduction**

On July 5, 2011, the *pro se* petitioner, Ricardo Maddox, filed a Motion Under 28 U.S.C. §2255 to vacate, set aside or correct sentences by a person in federal custody (Doc.80). The Government filed its response on January 17, 2013 (Doc.96). On March 4, 2013, the petitioner filed his reply.(Doc. 98).

**II. Facts**

**A. History, Conviction and Sentence**

On November 8, 2008, a grand jury sitting in Clarksburg returned a three-count Indictment against the petitioner charging him with two counts of distribution in excess of five grams of cocaine base and one count of distribution of cocaine base and cocaine. (Doc.1). The Indictment was sealed and a warrant was issued for the petitioner's arrest. (Docs. 4 & 5). On December 4, 2008, the petitioner was arrested. When he was arrested, he had 2.7 grams of cocaine base and 8.8 grams of cocaine hydrochloride in his pocket, along with $719. A search warrant was executed for the defendant's residence where the officers seized an additional 28.5 grams of cocaine, 99.2 grams of

1

marijuana and 1 gram of ecstasy. Also seized was an additional $2,318. (Doc. 56, p.6).

On December 9, 2008, the Federal Public Defender's Office was appointed to represent the petitioner. By letter dated December 12, 2008, the United States forwarded to Assistant Federal Public Defender Richard Walker the initial discovery in the case, consisting of 32 bate-stamped pages. In addition, the letter stated the following:

> As you well know, Mr. Maddox is not currently charged for the drugs or the firearms which we found following his arrest and the execution of a search warrant at his residence, but would anticipate that if we were not able to work out a plea agreement prior to the January Grand Jury that we will seek a Superseding Indictment for those charges.
>
> When you have had a chance to review the enclosed material and discuss it with your client, if he is of a mind to consider a plea agreement quickly, please let me know.

(Doc. 53-1, p.1).

On December 22, 2008, the petitioner filed a *pro se* motion challenging the jurisdiction of the Court. The petitioner's challenge was based on his claim that he "violated no laws against the United States, and I was not on Federal property." (Doc. 18, p. ).

On January 6, 2009, a Superceding Indictment with Forfeiture Allegation was returned by the grand jury. Count One, Two and Three were identical to the three counts in the original Indictment: two counts of Distribution in Excess of Five Grams of Cocaine Base and one count of Distribution of Cocaine Base and Cocaine. Count Four charged the petitioner with Possession with Intent to Distribute Cocaine and Cocaine Base. Count Five charged the petitioner with Possession with Intent to Distribute Cocaine and Marijuana. Count Six charged the petitioner with Maintaining a Drug Involved Premise, and Count Seven charged him with being a Felon in Possession of a Firearm.(Doc. 22).

On January 14, 2009, a hearing was held before the undersigned Magistrate Judge on the petitioner's *pro se* motion challenging jurisdiction. By then, the petitioner was represented by retained counsel, Brent E. Beveridge and Dana Shay.[1] Mr. Beveridge stated on the record that he was not adopting the Defendant's Motion. On January 21, 2009, the undersigned issued a Report and recommendation that the Motion be denied as improvidently filed and for being completely without merit. (Doc. 30).[2]

On January 30, 2009, the petitioner signed a plea agreement by which he agreed to plead guilty to two counts of the superceding indictment. The petitioner agreed to plead guilty to Count 1, the distribution of 5 grams of cocaine base (crack), a violation of 21 U.S.C. §841(a)(1) and (b)(1)(B). The petitioner also agreed to plead guilty to count 7, being a felon in possession of a firearm, a violation of 18 U.S.C. §922(g)(1) and 924(a)(2). The petitioner also waived his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> A. Mr. Maddox is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) including any enhancements under Section 4B1.1 of the Guidelines, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in an collateral attacked, including, but not limited to, a motion brought under Title 28, United States Code, Section, 2255. If the Court departs upward or downward from the advisory guideline range, the party

---

[1] Mr. Beveridge filed a Notice of Appearance on January 2, 2009, and Dana Shay was added as co-counsel on January 13, 2009.

[2] On February 24, 2009, the District Judge denied the Motion as moot and reject the R&R as moot in light of the petitioner's guilty plea. (Doc. 47).

> opposing the departure has the right to appeal the departure. However, neither party
> has the right to appeal the Court's denial of either an upward or downward
> departure. Otherwise than stated herein, in exchange for defendant's waiver,
> the United States waives its right to appeal. The parties have the right during
> any appeal to argue in support of the sentence.

Plea Agreement at 12 (Doc. 96)

On February 17, 2009 the petitioner entered his plea in open court. The petitioner was 37 years old, had completed 6 years of school, and was able to read and understand English (Doc. 69, pp. 6-7). The Court asked the petitioner if he understood he was waiving the right to collaterally challenge his sentence through a writ of habeas corpus motion and the petitioner said "yes" (Doc.69, p.19). The Court asked the petitioner if he understood that a writ of habeas corpus motion by him could be thrown out without ever having the chance to be heard because he waived or gave up that right, and the petitioner responded "yes"(Doc.69, p. 20). The Court then reviewed all the rights the petitioner was giving up by pleading guilty (Doc.69, pp.18-36). During the plea hearing the government presented the testimony of the Deputy Sheriff in Marion County, West Virginia who was assigned as an undercover officer with the Three Rivers Drug and Violent Crimes Task Force to establish a factual basis for the plea (Doc.69, p. 37-40). The petitioner did not contest the factual basis of the plea.

After the government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 1 and of Count 7 of the indictment (Doc.69, pp.41-42). The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will (Doc.69, p.28-29). In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement (Doc.69, p.22). The petitioner testified that his attorney had adequately represented him, and that his attorney had left

4

nothing undone (Doc.69 p.21). The petitioner stated that he believed himself to be guilty of said offenses (Doc.69 p.29).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequence of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt (Doc.69 p. 42). The petitioner did not object to the Court's finding.

On June 4, 2009, the petitioner appeared before the Court for sentencing (Doc.80). After considering several factors, including the circumstances of both the crime and the defendant's personal history, as well as the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 84 months imprisonment. Judgment was entered on June 8, 2009. (Doc. 57). An Amended Judgment was entered on June 10, 2009.(Doc. 59).

**B. Direct Appeal**

On June 22, 2009, the petitioner filed a *pro se* Notice of Appeal. (Doc.61). On July 6, 2009, William Pennington was appointed as appellate counsel. (Doc. 65). On October 15, 2009, Mr. Maddox filed an Anders brief setting forth eleven issues that the petitioner wished to present on Appeal. See 09-4583 (Doc. 20).[3] The Fourth Circuit affirmed the petitioner's conviction on April 13, 2010. (Doc.74).

**C. Federal Habeas Corpus**

The petitioner contends that he entered into an involuntary plea agreement based on ineffective assistance of counsel. He claims the guilty plea was not an informed and voluntary choice, because he was not presented with the first plea agreement offered by the government. The

---

[3]Available on PACER.

5

petitioner claims that the plea agreement he entered into was only entered into because he was not informed of the first plea agreement offered by the government.

The government contends that the petitioner's motion relies on the incorrect assumption that there was a plea agreement prior to the one he signed. According to the government, there were only inquiries of interest in plea negotiations and framework. There was no actual plea agreement offered before the one the petitioner signed. The government asserts that without a prior offer, defense counsel could not have given the petitioner ineffective assistance regarding plea agreement offers. (Doc.96).

## D. Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction, and his claim of ineffective assistance of counsel is not supported by the record.

### III. Standard of Review

## A. § 2255 Standard

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court in imposing sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. Because a 2255 motion seeks to deny, evade, or impeach a judgment, claims of error that have previously been raised and rejected on direct appeal of that judgment may not be raised again in a

§ 2255 motion. United States *v.* Harrison, No. 96- 7579, 1997 WL 499671, at *1 ( 4th Cir. August 25, 1997) (unpublished).

Nonetheless**,** a § 2255 motion is not an alternative to filing a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). Nonconstitutional claims that **could** have been raised on direct appeal, but were not, may not be asserted in collateral proceedings. Stone v. Powell, 428 U.S. 465, 477, n.10, (1976)(citing Davis v. United States, 417 U.S. 333, 345-46 and n.15 (1974); Sunal v. Large, 332 U.S. 174, 178-79 (1947)); *see also* United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009)("A petitioner who waives the right to appeal is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that **could have** been raised on appeal.")(Quoting Brian R. Means Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0)(2006-2007) (emphasis in the original) (internal citations omitted). Nonconstitutional claims that **could have** been asserted on direct appeal may be raised in a § 2255 motion only if the alleged error constituted "a fundamental defect which inherently results in a complete miscarriage of justice" *Stone*, 428 U.S. 477 n. 10 (quoting Davis, 417 U.S. at 346; Hill v. United States, 368 U.S. 424, 428 (1962)) or is "inconsistent with the rudimentary demands of fair procedure." United States v. Timmereck, 441 U.S. 780, 784 (1979).

Similarly, a constitutional error that could have been, but was not raised on appeal, may not be raised for the first time in a 2255 motion, unless the movant can show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error, or (2) that a miscarriage of justice would occur if the court refuses to entertain a collateral attack. Massaro v. United States, 538 U.S. 500, 504 (2003) (citing Bousley v. United States*,* 523 U.S. 614, 621-22 (1998)); Frady, 456 U.S. at 167-68; United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th

Cir. 1999). To establish "actual prejudice," The movant must show that the alleged error resulted in an"actual and substantial disadvantage," rather than a mere possibility of prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1977)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). To demonstrate a miscarriage of justice, the movement must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).

## IV. Analysis

### A. Ineffective Assistance Prior to Plea Agreement

The plaintiff raises one claim for relief in his § 2255 motion which relates to counsel's performance prior to the plea agreement. Specifically, the petitioner alleges that Mr. Walker provided ineffective assistance when he failed to inform him that the Government notified him by letter dated December 15, 2008, that it would not file a superseding indictment if they could reach a plea agreement prior to the Gand Jury's January session. The petitioner further maintains that said plea offer, if negotiated, would have held him accountable for only 17.2 grams of cocaine base, instead of the more severe drug quantities arising from the superceding indictment and would not have included the firearm charge. In making this argument, the petitioner relies on Missouri v. Frye, ___ U.S. ___, 132 S.Ct. 1399 (2012) and Lafler v. Cooper, ___ U.S. ____, 121 S.Ct. 1376 (2011).

In Lafler, a favorable plea offer was reported to the client but, on advice of counsel, was rejected.[4] Thereafter, there was a full and fair trial before a jury. After a guilty verdict, the

---

[4] The defendant was charged under Michigan law, with assault with intent to murder, possession of a firearm by a felon, possession of a firearm in commission of a felony, misdemeanor possession of marijuana, and for being a habitual offender. On two occasions, the

8

defendant received a sentence harsher than that offered in the rejected plea bargain. At the Supreme Court, the State of Michigan conceded that counsel's advice with respect to the plea offer fell below the standard of adequate assistance of counsel guaranteed by the Sixth Amendment and made applicable to the States through the Fourteenth Amendment. Therefore, the only issue to be decided by the Supreme Court was how to apply Strickland's[5] prejudice test where ineffective assistance results in a rejection of the plea offer, and the defendant is convicted at the ensuing trial.

In Frye, the defendant was charged with driving with a revoked license. On November 15, 2007, the prosecutor sent a letter to Frye's counsel offering a choice of two plea bargains. The prosecutor first offered to recommend a 3-year sentence if there was a guilty plea to the felony charge, without a recommendation regarding probation but with a recommendation that Frye serve 10 days in jail as so-called "shock" time. The second offer was to reduce the charge to a misdemeanor and, if Frye pleaded guilty to it, recommend a 90-day sentence. The misdemeanor charge of driving with a revoked license carried a maximum term of imprisonment of one year. The letter stated both offers would expire on December 28. Frye's attorney did not advise Frye that the offers had been made, and they expired. Frye's preliminary hearing was scheduled for January 4, 2008. On December 20, 2007, less than a week before the hearing, Frye was again arrested for

---

prosecution offered to dismiss two of the charges and to recommend a sentence of 51 to 85 months for the other two, in exchange for a guilty plea. In a communication with the court the defendant admitted guilt and expressed a willingness to accept the offer. However, the defendant later rejected the offer on both occasions, allegedly after his counsel convinced him that the prosecution would be unable to establish his intent to murder the victim because she had been shot below the waist. On the first day of trial, the prosecution offered a significantly less favorable plea deal, which the defendant again rejected. After trial, the defendant was convicted on all counts and received a mandatory minimum sentence of 185 to 360 months' imprisonment. See Lafler 132 S.Ct. at 1383.

[5]Strickland v. Washington, 466 U.S. 668 (1984).

driving with a revoked license. At the January 4 hearing, Frye waived his right to a preliminary hearing on the charge arising from the August 2007 arrest. He pleaded not guilty at a subsequent arraigned but then changed his plea to guilty. There was no underlying plea agreement. The state trial accepted his guilty plea. The prosecutor recommended a 3-year sentence, made no recommendation regarding probation, and requested 10 days shock time in jail. The trial judge sentenced Frye to three years in prison.

The decisions in <u>Lafler</u> and <u>Frye</u>, reinforce the premise that defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. <u>Frye</u> 132 S.Ct. at 1386-87; see also <u>Padilla v. Kentucky</u>, 130 S.Ct. 1473, 1486 (2010). More specifically, during plea negotiations, defendants are "entitled to the effective assistance of competent counsel." <u>McMann v. Richardson</u>, 397 U.S. 759, 771). In <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985), the Court held "the two-part <u>Strickland v. Washington</u> test applies to challenges to guilty pleas based on ineffective assistance of counsel."[6]

However, the decisions in <u>Lafler</u> and <u>Frye</u>, do not require that the instant Motion to Vacate be granted. First, the <u>Lafler</u> decision has no true application to the instant case, because the petitioner did not reject a plea offer on advice of counsel and proceed to trial. In addition, unlike

---

[6]In <u>Strickland</u>, the Supreme Court adopted a two-prong test to determine whether a criminal defendant received ineffective assistance of counsel. A defendant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 687-91. In the context of a guilty plea, the "performance" prong of the <u>Strickland</u> standard is the same: whether counsel's representation fell below an objective standard of reasonableness. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59 (1985). To establish the "prejudice" prong, the movant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Fabian</u>, 798 F.Supp.2d at 670; <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59 (1985)

the defendant in Frye, the petitioner herein did not have a plea agreement or plea offer that was not communicated by counsel.

As previously noted, on December 12, 2008, the United States forwarded discovery material to the petitioner's court-appointed counsel under a cover letter which indicated that **if** a plea agreement could not be worked out before the January Grand Jury, it would likely seek a Superseding Indictment. However, unlike Frye, there was no offer regarding any specifics as to a Plea Agreement. Specifically, there was no offer as to total drug relevant conduct nor was there an indication as to the maximum penalty to which the petitioner would be exposed as the result of the plea. At best, the letter could be construed as an offer to negotiate a plea agreement.

Moreover, even if the Court were inclined to find that the petitioner's court appointed counsel was ineffective in not communicating with him regarding a possible or probable superseding indictment if a plea agreement were not quickly reached,[7] the petitioner cannot establish that he was prejudiced by that failure. Although the petitioner argues that his relevant conduct would have been for only 17.2 grams of cocaine base, instead of the more severe quantities for which he was convicted, he provides no support for that argument. Furthermore, the United States specifically refutes that argument, by noting that if it had offered a plea to only 17.2 grams of cocaine base, which comprised the first three controlled buys of the investigation, it would have had to effectively violate its responsibility to provide the Court with all information related to the investigation. (Doc. 96, p. 5). In addition, although the original indictment did not contain a charge regarding felon in possession of a firearm, the petitioner's subsequent plea to that charge had no impact on his

---

[7]By making this comment, the undersigned in no way indicates his opinion that Mr. Walker was ineffective. In fact, it is clear that at his request, the United States resisted the opportunity to seek an Indictment under 18 U.S.C. § 924(c), which would have subjected the petitioner to a mandatory consecutive 5-year sentence. (Doc. 96, p.6).

11

sentence. The petitioner's sentence on that charge was ordered to run concurrently with the sentence on Count 1, which was identical to the original indictment. It is also pertinent to note that regardless of whether the petitioner was indicted on the gun charge, the Probation Office would have been aware that the petitioner was a convicted felon and seven separate firearms were found in his residence pursuant to a search warrant. Therefore, regardless of the 922(g) charge, the petitioner would have been subject to the two levels of enhancement under Specific Offense Characteristic pursuant to § 2D1.1(b)(1).

In conclusion, the undersigned finds that there was no plea agreement offered to court-appointed counsel, and consequently, Mr. Walker could not have communicated the same to the petitioner. In addition, the undersigned finds that regardless of the ensuing superceding indictment, the petitioner cannot establish that his sentence was more severe than it would have been. Therefore, the petitioner cannot establish any prejudice attributable to any actions or inactions of his court-appointed counsel.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction, and he cannot establish that his court-appointed counsel provided ineffective assistance of counsel so as to render his plea invalid. In addition, the undersigned recommends that the petitioner's Motion for Default Judgment (Docs. 92 & 7) and Motion to Expedite (Docs. 97 and 13) be **DENIED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the

recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to file timely objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation, 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address on the docket sheet, and to counsel of record, as applicable.

DATED: July 2, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE